Matter of Heller (2022 NY Slip Op 01877)





Matter of Heller


2022 NY Slip Op 01877


Decided on March 17, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 17, 2022
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische,J.P.,
Troy K. Webber
Jeffrey K. Oing
Manuel J. Mendez
Bahaati E. Pitt, JJ.


Motion No. 2022-00204 Case No. 2022-00165 

[*1]In the Matter of Mark J. Heller, (Admitted as Mark Jay Heller), an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Mark J. Heller, (OCA Atty. Registration No. 1961960) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on December 22, 1969.




Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Elisabeth A. Palladino, of counsel), for petitioner.
Peter Toumbekis, Esq., for respondent.



Per Curiam


Respondent Mark J. Heller was admitted to the practice of law in the State of New York by the Second Judicial Department on December 22, 1969, under the name Mark Jay Heller. At all times relevant to this proceeding, he has maintained a registered business address within the First Department.
In 1994, this Court suspended respondent from the practice of law for a period of five years for a pattern of misconduct committed in connection with 12 separate client matters which included dishonesty, neglect, and failure to return unearned fees (195 AD2d 134 [1st Dept 1994]). He was reinstated on July 15, 1999 (263 AD2d 401 [1st Dept 1999]).
Respondent now seeks an order, pursuant to the Rules for Attorney Disciplinary Matters (22 NYCRR) 1240.10, accepting his resignation as an attorney and counselor-at- law licensed to practice in the State of New York.
In support of the application, respondent has submitted his affidavit of resignation, which conforms to the format set forth in Appendix A to 22 NYCRR 1240.10.[FN1] Respondent attests that he is also admitted to practice before the U.S. District Courts for the Southern and Eastern Districts of New York.
Respondent acknowledges that he is currently the subject of an investigation by the Attorney Grievance Committee (AGC) concerning four matters. In a matrimonial matter respondent acknowledges that he engaged in multiple acts of professional misconduct that include, charging an excessive fee, failure to submit timely invoices, and neglecting the matter by failing to finalize the judgment of divorce. He further acknowledges that the client in the matrimonial matter sued him for malpractice and breach of contract and obtained a judgment against him after trial in the amount of $523,536.00 with interest that he has not paid.
As to the three other matters under investigation, respondent acknowledges that he engaged in at least the following acts of professional misconduct: he failed to communicate with a client in a criminal matter; he failed to provide a retainer agreement to a client in a criminal matter; and he neglected a client matter in a criminal case. Respondent attests that he cannot successfully defend against the allegations based upon the facts and circumstances of his professional conduct as described herein. Respondent attests that his resignation is freely and voluntarily rendered, without coercion or duress by anyone, and with full awareness of the consequences, including that the Court's acceptance and approval shall result in the entry of an order of disbarment striking his name from the roll of attorneys and counselors-at-law.
Additionally, respondent attests that the AGC's investigation does not include allegations that he willfully misappropriated or misapplied money or property in the practice of law. The Lawyers' Fund for Client Protection advises "that there have been no claims filed against[*2][respondent] seeking reimbursement from [the] Fund and no awards involving him;" thus, "it has no reason to object to the relief sought, and [it] defer[s] wholly to the discretion of the Court in the disposition of this petition." The AGC also states that it does not oppose respondent's petition to resign while an investigation or proceeding is pending.
Respondent acknowledges that his resignation is submitted subject to any application that may be made by a Committee to any Department of the Appellate Division for an order, pursuant to Judiciary Law § 90(6-a), directing that he makes restitution or reimburses the Lawyers' Fund for Client Protection, and he consents to the continuing jurisdiction of the Appellate Division to make such an order.
Additionally, respondent acknowledges and agrees that pending issuance of an order accepting his resignation, he shall not undertake to represent any new clients or accept any retainers for future legal services to be rendered and that there will be no transactional activity in any fiduciary account to which he has access, other than for payment of funds held therein on behalf of clients or others entitled to receive them. He understands that in the event the Court accepts his resignation, the order resulting
from this application and the records and documents filed in relation to the aforementioned allegations, including his affidavit, shall be deemed public records pursuant to Judiciary Law § 90(10).
As respondent's affidavit conforms with 22 NYCRR 1240.10, the Court accepts his resignation (see e.g. Matter of Thomas, 178 AD3d 58 [1st Dept 2019]; Matter of Hock, 171 AD3d 173 [1st Dept 2019]; Matter of Wallen, 149 AD3d 235 [1st Dept 2017].
Accordingly, the motion should be granted, and respondent's name is stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 12, 2022, the date of his affidavit.
All concur.
It is ordered that the application of the respondent, Mark J. Heller, admitted as Mark Jay Heller, to resign as an attorney and counselor-at-law pursuant to 22 NYCRR 1240.10 is granted; and,
It is further ordered that pursuant to Judiciary Law § 90, the respondent, Mark J. Heller, admitted as Mark Jay Heller, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective nunc pro tunc to January 12, 2022, and
It is further ordered that the respondent shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and
It is further ordered that pursuant to Judiciary Law § 90, effective immediately and until further order of this Court, the respondent shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as [*3]to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further ordered that if the respondent has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency.
Entered: March 17, 2022



Footnotes

Footnote 1: The motion also includes the affirmation of respondent's counsel in which he requests that this Court accept his client's resignation.